KENNETH M. WEINFIELD, Of Counsel (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA 94402
TELEPHONE: 650-573-9500
FACSIMILE: 650-573-9689
EMAIL: ken@chauvellaw.com

Attorneys for Defendant 121 Silicon Valley, Inc.

UNITED STATES DISTRICT COURT CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO VERCH, <br>           Plaintiff, <br><br> v. <br><br> 121 SILICON VALLEY, INC., <br><br>           Defendant. | Case No. 19-cv-05098-TSH <br><br> **DECLARATION OF KENNETH M. WEINFIELD IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF** |

I, Kenneth M. Weinfield, declare as follows:

1.     I am one of the attorneys representing defendant 121 Silicon Valley, Inc. in this matter. The following is based upon my personal knowledge except where stated on information and belief. If called to testify, I would so state.

2.     Attached hereto as Exhibit A is a true and correct copy of an Order of Disbarment of plaintiff's counsel, Richard Liebowitz, issued by Judge Donato on October 7, 2019.

3.     Attached hereto as Exhibit B is a true and correct copy of a PACER search for cases involving Mr. Liebowitz in the Northern District of California database.  It shows that he has approximately two dozen cases pending in the Northern District.

4.     A true and correct copy of a decision from the Southern District of New York describing Mr. Liebowitz as a "copyright troll." is attached as Exhibit C.  According to that decision, he filed

1

over 700 copyright cases in that district within a two year period.    As is evident in this case, his approach is apparently to file infringement actions over trivial misuses of photographs found on the Internet, and then demand large sums of money in settlement.

5.    Earlier this year, Mr. Liebowtiz began filing similar lawsuits nationwide, including the instant one.  A true and correct copy of a professional publication summarizing his actions is attached hereto as Exhibit D.

6.    Mr. Liebowitz purported to serve discovery requests on defendant's counsel prior to the time permitted for doing so under Rule 26.  He is seeking to take wide-ranging discovery in this matter, the expense of which would dwarf the maximum possible damage award.  His goal, apparently, is to generate large amounts of attorneys' fees which he could then seek to recover pursuant to statute.

7.    Prior to applying for *pro hac vice* status, Mr. Liebowitz contacted the undersigned to request that defendant waive service of process in this matter.  In part to foster a positive atmosphere for settlement discussions and keep costs to a minimum, I provided a signed waiver to Mr. Liebowitz, who filed it with the Court on September 8, 2019.  Instead of reciprocating this courtesy, Mr. Liebowitz failed to respond to defendant's efforts to settle this matter, other than to send multiple purported discovery requests the undersigned prior to the date allowed for such activity under FRCP 26.

8.    Judge Donato is apparently contemplating further action with regard to Mr. Liebowitz's ability to practice in this district.  Attached hereto as Exhibit E is a true and correct copy of a decision entered by Judge Donato on October 17, 2019.

9.    On several occasions, I brought the matters set forth above to Mr. Liebowitz's attention, requesting that he voluntarily dismiss the action.  His response was to claim that he was entitled to proceed due to his *pro hac vice* status.

10.    To date, defendant has incurred in excess of $3,500 in attorneys' fees to investigate this matter and prepare the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 24, 2019

/s/

_____

KENNETH M. WEINFIELD

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF RICHARD P. LIEBOWITZ, | Case No. <u>19-mc-80228-JD</u> |
| Plaintiffs, | **ORDER OF DISBARMENT** |
| v. | Re: Dkt. Nos. 1, 2 |
| RICHARD P. LIEBOWITZ, | |
| Defendant. | |

To be a member of the bar of this Court, an attorney must be an active member in good standing of the State Bar of California. N.D. Cal. Civil L.R. 11-1(b). An attorney search on the State Bar of California's website, http://www.calbar.ca.gov/, indicated that attorney Liebowitz is not an active member of the California bar, and so the Court issued an order directing him to show cause why his membership in the bar of this Court should not be terminated. Dkt. No. 1.

Liebowitz's response, Dkt. No. 2, is not responsive and does not say anything at all about his membership in the State Bar of California. He states that he has obtained "local co-counsel," Dkt. No. 2 ¶ 1, but that is not sufficient.

The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court. In addition, attorney Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application.

**IT IS SO ORDERED.**

Dated: October 7, 2019

JAMES DONATO
United States District Judge

EXHIBIT B

# Select A Case

**Richard P Liebowitz is an attorney in 21 cases.**

| | | |
|---|---|---|
| 3:19-cv-04827-CRB | Parisienne v. Gatechina, Inc. | filed 08/14/19 |
| 3:19-cv-05098-TSH | Verch v. 121 Silicon Valley, Inc. | filed 08/17/19 |
| 3:19-cv-05616-JCS | Zharkov v. 3DBIN, Inc. et al | filed 09/05/19 |
| 3:19-cv-06099-SK | Masi v. The Young Turks, Inc. | filed 09/25/19 |
| 3:19-mc-80228-JD | In the Matter of Richard P. Liebowitz - NY SBN 5357702 | filed 09/20/19 |
| 4:19-cv-04701-PJH | Zlozower v. Amoeba Music Inc. | filed 08/12/19 |
| 4:19-cv-04829-JST | Harbus v. B3 Media, LLC | filed 08/14/19 |
| 4:19-cv-05423-JSW | Westerkamp v. National Association of Social Workers | filed 08/28/19 |
| 4:19-cv-05743-YGR | Stokes v. Moby Dick Bar | filed 09/12/19 |
| 4:19-cv-05858-JSW | Kuhmstedt v. Livingly Media, Inc. | filed 09/19/19 |
| 4:19-cv-06417-JST | Alvarado v. Mother Jones, LLC | filed 10/07/19 |
| 4:19-cv-06499-KAW | Hames v. The Roxie Theater | filed 10/09/19 |
| 5:19-cv-00297- | Adlife Marketing & Communications Company, Inc. v. | filed 01/17/19 |

LHK                    Popsugar Inc.

5:19-cv-04753-        Singer v. Pixel Labs, Inc.                    filed 08/13/19   closed 09/08/19
LHK

5:19-cv-04826-        Chevrestt v. SFG Media Group, LLC            filed 08/14/19   closed 09/09/19
EJD

5:19-cv-05099-        Verch v. Duetto Research, Inc.               filed 08/17/19
EJD

5:19-cv-05202-        Tabak v. ABS-CBN International               filed 08/20/19
VKD

5:19-cv-05233-        Seidman v. Shareably Media, LLC              filed 08/22/19
BLF

5:19-cv-05424-        Santos v. Los Angeles Times Communications LLC   filed 08/28/19
SVK

5:19-cv-05859-        Johnson v. Historic Railroad Square Association   filed 09/19/19
LHK

5:19-cv-06465-        Geerds v. San Francisco Bay View Inc.        filed 10/08/19
SVK

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/21/2019 16:14:13 | | |
| **PACER Login:** | gc0401:2553240:0 | **Client Code:** | 16-5993 |
| **Description:** | Search | **Search Criteria:** | Last Name: Liebowitz First Name: Richard Type: aty |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                               :
MATTHEW MCDERMOTT,            :      17cv9230 (DLC)
                               :
              Plaintiff,    :    MEMORANDUM OPINION
                               :       AND ORDER
          -v-              :
                               :
MONDAY MONDAY, LLC,          :
                               :
              Defendant.    :
                               :
------------------------------------ X

DENISE COTE, District Judge:

On February 22, 2018, this Court denied the defendant's motion for attorney's fees in this case. McDermott v. Monday Monday, 17cv9230 (DLC), 2018 WL 1033240 (S.D.N.Y Feb. 22, 2018) ("February 22 Opinion"). Over a month later, plaintiff's counsel filed a motion pursuant to Fed. R. Civ. P. 60 objecting to the use of the term "copyright troll" in the February 22 Opinion to describe plaintiff's counsel. He requests that the term be "redacted" from the February 22 Opinion. The request is denied.

## BACKGROUND

Plaintiff's counsel, Richard Liebowitz, has filed over 700 cases in this district since 2016 asserting claims of copyright infringement. The instant action was among their number. In this action, the plaintiff sued an Idaho limited liability

company based on the assertion that it had displayed the
plaintiff's copyrighted photograph on its website. The
defendant was served on November 30. Despite his obligation to
do so, Mr. Liebowitz did not file on ECF either an affidavit
reflecting service of the complaint or proof that he had served
the initial pretrial conference notice on the defendant.

Moreover, despite the assertion in the complaint that the
defendant "transacts business in New York," it appears that the
defendant does not do so. On January 17, the defendant moved to
dismiss for lack of personal jurisdiction. McDermott, 2018 WL
1033240, at *1. See also 17cv9230, ECF No. 12. Before
opposition to the motion was due, the plaintiff voluntarily
dismissed his suit. That same day, the defendant sought
attorney's fees and costs. McDermott, 2018 WL 1033240, at *1.
See also 17cv9230, ECF No. 18. In his opposition to the motion
for attorney's fees and costs, Mr. Liebowitz did not suggest
that he had any non-frivolous reason to believe that there was
personal jurisdiction over the defendant in this district. For
the reasons described in the February 22 Opinion, the Court in
an exercise of its discretion denied the defendant's motion and
declined to award fees against Mr. Liebowitz "on this occasion."
McDermott, 2018 WL 1033240, at *3. The February 22 Opinion
warned that should Mr. Liebowitz file any other action in this
district against a defendant over whom there is no non-frivolous

2

basis to find that there is personal jurisdiction, "the outcome
may be different." Id.

Despite the exercise of restraint in declining to impose
sanctions against Mr. Liebowitz, Mr. Liebowitz has brought this
motion.[1] He objects to the description in the February 22
Opinion of Mr. Liebowitz as a known copyright troll, id. at *3,
and requests that the February 22 Opinion with that term
"redacted."

## DISCUSSION

Mr. Liebowitz brings his motion pursuant to Rule 60(b)(1)
or 60(b)(6). Neither of these provisions applies. Each of them
provides a limited avenue for relief from a judgment. Here, the
plaintiff seeks no relief from the judgment; it voluntarily
dismissed this action. Mr. Liebowitz is certainly not
requesting that this Court revisit its decision to refrain from
imposing sanctions upon him.

Under Rule 60, a court

> may relieve a party or its legal representative from a
> final judgment, order, or proceeding for the following
> reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable
> > neglect;

---

[1] On March 16, 2018, the Court denied the defendant's motion for
reconsideration of the decision denying the request for
sanctions.

. . .

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Insurance Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

While Rule 60(b)(6) represents a "grand reservoir of equitable power to do justice in a particular case . . . that reservoir is not bottomless." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). Accordingly, it is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship . . . ." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (citation omitted).

Moreover, Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule and there are extraordinary circumstances justifying relief." Tapper v. Hearn, 833 F.3d 166, 172 (2d Cir. 2016) (citation omitted). Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." Stevens, 676 F.3d at 67 (citation omitted). Thus, "[w]here a party's Rule 60(b) motion is premised on grounds

4

fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." Id.

Even if it were appropriate to consider this request for a "redaction" under Rule 60, Mr. Liebowitz has failed to explain what the refiling of the February 22 Opinion with a redaction would accomplish. He has also failed to demonstrate that any modification to or redaction of the February 22 Opinion is warranted. His litigation strategy in this district fits squarely within the definition of a copyright troll.

The February 22 Opinion defined a copyright troll as follows:

> In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.

McDermott, 2018 WL 1033240, at *3 n.4 (citation omitted).

In the over 700 cases Mr. Liebowitz has filed since 2016, over 500 of those have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation. In most cases, the cases are closed within three months of the complaint filing. In some instances, cases were dismissed because Mr. Liebowitz failed to prosecute his clients' claims. See, e.g., Vincheski v. University of Minnesota et al., 16cv4590

(KBF), ECF No. 19 (S.D.N.Y. Sept. 9, 2016), (terminating the action after plaintiff failed to amend her complaint pursuant to a court order directing plaintiff to amend her complaint due to deficiencies in the dismissed original complaint). In other cases, judges have noted Mr. Liebowitz's unorthodox litigation practices. See, e.g., Cuffaro v. Nylon Media, Inc., 18cv1391 (GHW), ECF No. 11 (S.D.N.Y. Apr. 11, 2018) (noting that plaintiff, in a sworn affidavit in support of a default judgment, misstated key dates and urging "counsel for plaintiff to use greater caution and to avoid such clear errors when making submissions to the Court"); Kmonicek v. Daily Burn, Inc., 17cv497 (KPF), ECF No. 23 (S.D.N.Y. June 15, 2017) ("The Court is surprised to have received the above request [for an extension to file a stipulation of dismissal], which was not at all foreshadowed during yesterday's telephone conference. And the Court is hesitant to grant the parties' third extension request in order to accommodate what appear to be ministerial concerns not touching on the substance of the parties' settlement.") (emphasis in original) (each extension in the case was requested by Mr. Liebowitz). A number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous. See, e.g., Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of

Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench.) (citing Kanongataa v. Am. Broad. Cos., 16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)).  Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action.  See, e.g., Pereira v. Kendall Jenner, Inc., 17cv6945 (RA), ECF No. 24 (S.D.N.Y. Jan. 4, 2018) (Mr. Liebowitz voluntarily dismissed the case before responding to Judge Abrams's Show Cause Order.); Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.); Leibowitz v. Galore Media, Inc., 18cv2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order to post security for costs); see also Tabak v. Idle Media, Inc., 17cv8285 (AT), ECF No. 5 (S.D.N.Y. Oct. 31, 2017) (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred.  Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); Reynolds v. Intermarkets, Inc., 17cv8795 (AT), ECF No. 4 (S.D.N.Y. Nov. 14, 2017) (same).  Mr. Liebowitz has been admonished for repeating arguments that "have no basis in law." Terry v. Masterpiece Advertising Design, 17cv8240 (NRB), 2018 WL

3104091 at *2 (S.D.N.Y. June 21, 2018). Mr. Liebowitz has also been sanctioned for failing to comply with court orders and for failing to produce materials during discovery. Romanowicz v. Alister & Paine, Inc., 17cv8937 (PAE) (KHP), ECF No. 24 (S.D.N.Y. June 22, 2018) (ordering Mr. Liebowitz to pay $200 to the Clerk of Court as a consequence of his failure to comply with an Order directing him to file an affidavit of service of a Default Judgment); Ferdman v. CBS Interactive, Inc., 17cv1317 (PGG), 2018 WL 4572241 (S.D.N.Y. Sept. 21, 2018) (discovery sanctions). Mr. Liebowitz has filed nearly 200 cases in this district in 2018 alone, often times filing multiple cases on the same day.

Nevertheless, Mr. Liebowitz argues that his conduct does not comport with the definition of term "copyright troll" because copyright trolls engage in a narrower type of behavior: specifically, multi-defendant John Doe litigation brought by the copyright holders of pornographic material. This argument is unavailing. First, simply because the term is also invoked in another type of case does not preclude its application here. Second, the article that Mr. Liebowitz cites for the proposition that the term applies to enforcers of copyrights in pornography explains that such practices are just "a particular kind of copyright trolling." Matthew Sag, Copyright Trolling, An Empirical Study, 100 Iowa L. Rev. 1105, 1108 (2015) (emphasis

added).  The article, and courts that cite it, define the
"essence of trolling" as something broader: "seeking quick
settlements priced just low enough that it is less expensive for
the defendant to pay the troll rather than defend the claim."
Id.; see also Creazioni Artistiche Musicali, S.r.l. v. Carlin
America, Inc., 14cv9270 (RJS), 2017 WL 3393850, at *4 (S.D.N.Y.
Aug. 4, 2017).  As evidenced by the astonishing volume of
filings coupled with an astonishing rate of voluntary dismissals
and quick settlements in Mr. Liebowitz's cases in this district,
it is undisputable that Mr. Liebowitz is a copyright troll.

This Court has generally shown Mr. Liebowitz leniency,
despite his questionable tactics.  In this case, the Court
declined twice to award the defendant attorney's fees.  In
another, the Court imposed a bond on Mr. Liebowitz's client in
an amount that was less than a tenth of the request made by the
defendant.  See Reynolds v. Hearst, 17cv6720 (DLC), 2018 WL
1229840 (S.D.N.Y. Mar. 5, 2018).  In yet another, the Court
modified sanctions imposed on Mr. Liebowitz to "more directly
address the deficiencies in [his] performance . . . and deter
their repetition."  Steeger v. JMS Cleaning Services, LLC,
17cv8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018).

In this case, the February 22 Opinion used an apt term to
describe Mr. Liebowitz's copyright litigation practice.  He has
not shown that doing so has burdened him with any undue and

9

extreme hardship.   Press coverage that accurately summarizes the status and outcomes of Mr. Liebowitz's cases in this District does not present an undue and extreme hardship.   Nor does Mr. Liebowitz explain what the reissuance of the February 22 Opinion with a redaction would accomplish.

## CONCLUSION

Mr. Liebowitz's March 29 motion to redact the term "copyright troll" from the February 22 Opinion is denied.

Dated:    New York, New York
          October 26, 2018

                              _____
                                  DENISE COTE
                       United States District Judge

10

EXHIBIT D



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# As 'Copyright Troll' Turns National, Will Blowback Follow?

By **Bill Donahue**

Law360 (October 11, 2019, 6:57 PM EDT) -- Richard Liebowitz, an attorney who has filed more than 1,600 copyright lawsuits over the past four years, is quietly spreading his mass litigation operation from New York to the rest of the country — and judges in those other courts are starting to notice.

While he once sued almost exclusively in New York federal court, more than a third of the whopping 668 copyright lawsuits Liebowitz has filed so far this year were in other federal district courts, according to data compiled by Lex Machina.

As the litigation has spread, the judicial blowback Liebowitz has faced in New York — where one judge **labeled him a "copyright troll"** — appears to be starting to spread, too. Over the past week, courts in North Carolina and California have both come down on him after he filed cases in those venues.

"This judge joins the chorus of those telling this attorney to clean up his act," the North Carolina federal judge wrote.

## Spreading Nationally

Liebowitz has been filing an eye-popping volume of copyright lawsuits since 2016, mostly against websites and media companies that are alleged to have used photos without permission. The vast majority of the cases end in private settlements, but unlike some others criticized for mass copyright litigation, Liebowitz does **litigate and win cases**.

Until 2018, the Long Island-based attorney filed almost all of those cases in New York, mostly in Manhattan federal court. In 2016, when Liebowitz filed 148 separate copyright lawsuits, all but one were filed in New York. Ditto 2017, when he filed 401 of his 403 cases in the Empire State.

But over the past two years, his operation has begun to spread outward. Last year, when Liebowitz filed 461 cases, 87 were launched outside New York — a large batch in Texas and a few more scattered around the country.

This year, Liebowitz has already filed a whopping 668 cases as of Oct. 10, making him easily the most prolific copyright attorney in the nation. Some context: In recent years, the entire federal court system has typically seen between 4,000 and 5,000 new copyright lawsuits in a given year.

Of the 668 cases filed this year by Liebowitz, 238 of them have been launched in federal courts outside New York — 58 in Texas, 30 in Colorado and 150 more across more than a dozen other states.

## Mounting Criticism

As Liebowitz filed more and more cases in Manhattan federal court, the judges in that district began to criticize him sharply, about both the volume of cases and how he was litigating them.

In June 2017, U.S. District Judge Lewis A. Kaplan **ordered a Liebowitz client** to repay $120,000 in legal bills stemming from a lawsuit he filed against broadcaster ABC and other news outlets over a viral video, saying "no reasonable lawyer with any familiarity with the law of copyright" should have filed the case.

The order, which pointedly noted that there "may well be justification" for defendants' accusations that the lawsuits were "designed to extort settlements" from them, was a sign of things to come.

In February 2018, U.S. District Judge Denise Cote issued an order that labeled Liebowitz a "known copyright troll." A week later, in a separate case, the judge ordered Liebowitz to pay $10,000 in sanctions. She later reduced the total, but **only on the condition** that he complete a training course in "ethics and professionalism."

After Liebowitz asked Judge Cote to revise her "troll" order and remove what he called a "pejorative stereotype," she **doubled down** in October 2018.

"As evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll," the judge wrote.

In July, U.S. District Judge Jesse M. Furman **sanctioned Liebowitz** for "repeated failure" to obey orders in a lawsuit the attorney filed against NBC. In doing so, Judge Furman specifically cited earlier sanctions handed down by other judges in the district.

"In his relatively short career litigating in this district, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders," Judge Furman wrote. "Indeed, it is no exaggeration to say that there is a growing body of law in this district devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."

"This opinion is the latest contribution to that body of law," Judge Furman wrote.

Last month, Judge Kaplan again **ordered Liebowitz to repay** an opponent's attorney fees, this time in a case over paparazzi photos of the model Emily Ratajkowski. The judge pointed to, among other things, "a pattern of discovery and related abuse [that] rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible and competent manner."

Already this month, U.S. District Judge Valerie E. Caproni has criticized Liebowitz for repeatedly offering "inadequate and wholly unconvincing" explanations for procedural shortcomings, calling his behavior "close to contemptuous."

And more discipline could be on the way, too. Earlier this month, attorneys for the website Vox **made the serious accusation** that Liebowitz forged his client's signature on documents the client, a photographer, didn't even know about. That case is before U.S. District Judge Lorna G. Schofield.

## New Courts, Same Pushback

With Liebowitz now suing in new courts around the country, judges in those venues appear to be starting to express frustrations similar to those of their colleagues in New York.

In the Eastern District of North Carolina, where Liebowitz has filed nine new copyright lawsuits this year, U.S. District Judge Louise Flanagan **issued an order last week** complaining that three of those cases were riddled with mistakes.

She ordered Liebowitz to fix them quickly — and took the opportunity to note the many critiques lobbed at the attorney by judges in New York. She specifically cited Judge Cote's "copyright troll" label.

"This judge joins the chorus of those telling this attorney to clean up his act," Judge Flanagan wrote. "The dockets of each of the cases assigned to me, wherein this attorney represents a plaintiff, are littered with deficiency notices. This is a harbinger for troubled litigation ahead."

The deficiencies included Liebowitz waiting two months to file a notice of appearance in a case he had filed and failing to observe various electronic filing or local rules. The repeated missteps and a "disregard" for previous warnings about them show a "disrespect for the work of the clerk," Judge Flanagan wrote.

The judge gave Liebowitz until Oct. 10 to correct the problems. On the day of the deadline, Liebowitz filed notices in all three cases saying he had complied with Judge Flanagan's order.

Meanwhile in the Northern District of California, where Liebowitz has filed 20 cases this year, a federal judge **issued an order on Oct. 7** terminating Liebowitz's membership in the bar of that court.

The problem? According to a order to show cause from U.S. District Judge James Donato, Liebowitz is not an active member in good standing of the State Bar of California, a requirement to be a member of the Northern District bar. The judge ordered Liebowitz to explain the situation.

"If you have exercised, or pretended to be entitled to exercise, any of the privileges of membership in the bar of this court when you are not in fact entitled to exercise such privileges, you may additionally be referred to the Standing Committee on Professional Conduct for possible sanctions," Judge Donato wrote.

Liebowitz responded by saying he had obtained "local co-counsel" in the cases he had filed and had requested permission to practice "pro hac vice," the status that allows an out-of-state attorney to practice temporarily. But Judge Donato said the response "does not say anything at all" about the bar issue and was "not sufficient."

"The court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this court," Judge Donato wrote. "In addition, attorney Liebowitz is ordered to disclose these … proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application."

Liebowitz did not respond to requests for comment for this story.

*Law360 is owned by LexisNexis Legal & Professional, a RELX Group company, which owns Lex Machina.*

--Editing by Jill Coffey.

All Content © 2003-2019, Portfolio Media, Inc.

EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF RICHARD P. LIEBOWITZ | Case No.  19-mc-80228-JD |
| | **ORDER** |

On October 7, 2019, the Court entered an order of disbarment against attorney Richard Liebowitz. Dkt. No. 3. Liebowitz was directed to disclose the order to all judges within this district before whom he has a pending pro hac vice. *Id.*

The Court is concerned that Liebowitz has not complied with the disbarment order. Consequently, he is ordered to file a declaration under penalty of perjury that: (1) identifies all pending cases in this district in which he has appeared as counsel in any capacity; (2) states, for each case, whether he has appeared pro hac vice or as a purported member of the bar of this district; and (3) provides, for each case in which he has had a pro hac vice application pending on or after October 7, 2019, the docket number of the filing that advised the judge of the OSC proceedings.

The declaration must be filed by November 4, 2019. Liebowitz is advised that a failure to file a complete response to this order under penalty of perjury may result in sanctions, including but not limited to a bar on any legal practice in this district, a referral to the district's attorney discipline committee, and potential monetary sanctions.

**IT IS SO ORDERED.**

Dated:  October 17, 2019

JAMES DONATO
United States District Judge