KENNETH M. WEINFIELD, Of Counsel (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689
EMAIL:  ken@chauvellaw.com

Attorneys for Defendant 121 Silicon Valley, Inc.

UNITED STATES DISTRICT COURT CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO VERCH,<br><br>  Plaintiff,<br><br>v.<br><br>121 SILICON VALLEY, INC.,<br><br>  Defendant. | Case No. 19-cv-05098-TSH<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT 121 SILICON VALLEY, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:**  December 12, 2019<br>**TIME:**  10:00 a.m.<br>**COURTROOM:**  A, 15th Floor<br>**JUDGE:**  Hon. Thomas S. Hixson |

TO PLAINTIFF MARCO VERCH AND HIS ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that on December 12, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom A, 15th Floor of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, defendant 121 Silicon Valley, Inc. will, and hereby does, move to dismiss the Complaint in this action.  Defendant's motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state a claim upon which relief can be granted.

   This motion is based upon the instant Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, and on all of the files and pleadings in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Complaint in this action asserts that plaintiff Marco Verch "photographed a Happy Father's Day sign," and that defendant 121 Silicon Valley, Inc. displayed the photograph on its web site without his permission. Complaint ¶¶ 7, 10-11. Plaintiff contends that such display constituted an act of copyright infringement under 17 U.S.C. §§ 106 and 501. Complaint ¶ 14. As set forth below, these allegations fail to plead a viable cause of action.

## ARGUMENT

A motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] of a legally congnizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Defendant's Alleged Copying of the Photograph Did Not Infringe Plaintiff's Rights

Under 17 U.S.C. § 102(a), copyright subsists "in original works of authorship." For a work to qualify for copyright protection, accordingly, it "must be original to its author." *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998). Here, as plaintiff himself pleads, the photograph for which he claims protection is of a sign which he photographed. Complaint ¶ 7. In other words, he acknowledges that the image allegedly infringed by defendant was not original to himself.

Someone who merely replicates another's work is not entitled to claim infringement of the material from which it was derived. *Gracen v. Bradford Exhange*, 698 F.2d 300, 305 (7th Cir. 1983) ("a derivative work must be substantially different from the underlying work to be copyrightable"); *accord*, *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2003). Here, the Complaint contains no

allegation that the underlying material in the photograph at issue was original to plaintiff. Since defendant is accused of infringing that underlying material, plaintiff has failed to plead an essential element of a copyright claim: originality. *Acuff-Rose*, 155 F.3d at 143. Accordingly, plaintiff's sole cause of action fails to state a claim upon which relief can be granted. *Gracen,* 698 F.2d at 305; *Newton*, 388 F.3d at 1193.

## CONCLUSION

For the reasons set forth above, defendant 121 Silicon Valley, Inc. respectfully requests that the instant lawsuit be dismissed with prejudice.

Dated: October 28, 2019                                                      CHAUVEL & GLATT, LLP

                                                                                             /s/
By:_____
   Kenneth M. Weinfield
   Attorneys for Defendant
   121 Silicon Valley, Inc.