KENNETH M. WEINFIELD, Of Counsel (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE: 650-573-9689
EMAIL:  ken@chauvellaw.com

Attorneys for Defendant 121 Silicon Valley, Inc.

UNITED STATES DISTRICT COURT CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO VERCH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>121 SILICON VALLEY, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-05098-VC<br><br>**UPDATED MOTION FOR ADMINISTRATIVE RELIEF** |

This motion for administrative relief pursuant to Local Rule 7-11 was pending for decision by Magistrate Judge Hixson when plaintiff declined to consent to such jurisdiction.  The motion is hereby re-submitted in updated form to address a number of issues pertaining to the impropriety of plaintiff's counsel appearing in this matter.

## **BACKGROUND**

The instant action was filed on August 17, 2019.  Although plaintiff's counsel, Richard Liebowitz, was neither a member of the California bar nor admitted *pro hac vice* in this case, he nonetheless presented himself as entitled to practice in this Court when communicating with defendant's counsel.  (Mr. Liebowitz actually appears to be a member of the New York bar.)

Evidently in anticipation of his imminent removal from the membership roll of this Court,[1] Mr. Liebowitz applied *for pro hac vice* status in this case on October 2, 2019, and it was granted two days later.

Nowhere in Mr. Liebowitz's *pro hac vice* application did he mention the disbarment proceeding which was then pending before Judge Donato; nor did he disclose that he had filed almost two dozen cases in the Northern District of California in recent months. Weinfield Decl. ¶ 3, Exh. B. His application thus apparently violated Local Rule 11-3(b)(2), which precludes out-of-state attorneys from being admitted *pro hac vice* when they are "regularly engaged in the practice of law in the State of California."

Mr. Liebowitz has been described by a judge of the Southern District of New York as a "copyright troll" after filing over 700 copyright cases in that district over a two year period. Weinfield Decl. ¶ 4, Exh. C. In addition, he has been sanctioned there for engaging in various other types of misconduct. One of his tactics, apparently, is to file infringement actions on behalf of clients over trivial misuses of photographs found on the Internet, and then demand large sums of money in settlement. *Id.* The strict liability imposed by copyright law even for minor infringements, plus the statutory authorization for recovering attorneys' fees in such cases, apparently renders Mr. Liebowitz's misuse of the legal system profitable.

After Mr. Liebowitz's reputation became known in his home judicial district, he began filing similar lawsuits nationwide. *Id.* ¶ 5, Exh. D. This case is one of them. In addition to demanding tens of thousands of dollars to resolve a *de minimis* alleged infringement, Mr. Liebowitz attempted to

---

[1] *See* Order of Disbarment dated October 7, 2019, *In the Matter of Richard P. Liebowitz*, No. 19-mc-80228-JD (N.D. Cal.), a copy of which is attached as Exhibit A to the accompanying Declaration of Kenneth M. Weinfield in Support of Updated Motion for Administrative Relief ("Weinfield Decl.") ¶ 2.

promulgate wide-ranging discovery prior to the time permitted for doing so under Rule 26. Weinfield Decl. ¶ 6. The expense of responding to such discovery – or indeed, preparing initial disclosures – would dwarf any conceivable damage award in this matter. *Id*. Mr. Liebowitz's goal, apparently, is to generate large amounts of attorneys' fees which he could then seek to recover under 17 U.S.C. § 505.

## DISCUSSION

### A. Mr. Liebowitz's *Pro Hac Vice* Status Should Be Revoked

As noted above, plaintiff's counsel has filed over 20 actions in this judicial district recently despite not being a member of the California bar.[2] Moreover, plaintiff's counsel filed the instant action without being properly admitted to the bar of this Court, and did not seek admission *pro hac vice* until after Judge Donato was about to remove him from the Northern District's membership roll. He then misrepresented himself to this Court by failing to disclose the extent of his practice in this judicial district (and perhaps other districts around the State), which would disentitle him to *pro hac vice* status under Local Rule 11-3(b).

Defendant accordingly requests that Mr. Liebowitz's *pro hac vice* admission in this matter be stricken or revoked.

### B. Service of Process on Defendant Should Be Quashed

Prior to applying for *pro hac vice* status, Mr. Liebowitz contacted the undersigned to request that defendant waive service of process in this matter. In part to foster a positive atmosphere for settlement discussions while keeping costs to a minimum, the undersigned provided a signed waiver

---

[2] On November 4, 2019, he stated under penalty of perjury in the proceeding before Judge Donato that he has 19 cases pending in the Northern District of California. Weinfield Decl. ¶ 8, Exh. F. Yet in his opposition to the initial version of the instant motion for administrative relief filed on October 28, 2019, he claimed that these filings did not amount to being "regularly engaged" in the practice of law in this District pursuant to Local Rule 11-3(b)(2).

to Mr. Liebowitz, who filed it with the Court on September 8, 2019. Weinfield Decl. ¶ 7. Unbeknownst to defendant's counsel, however, Mr. Liebowitz had no right to request such a waiver on plaintiff's behalf: he was neither properly admitted as a member of the bar of this Court, nor did he apply for *pro hac vice* admission until a month thereafter.

Because Mr. Liebowitz procured defendant's waiver of service through false pretenses, that waiver should be rescinded and service of process accordingly quashed.

### C. This Action Should be Stayed Pending Adjudication of Mr. Liebowitz's Ability to Practice in this Court

Judge Donato is apparently contemplating further action with regard to Mr. Liebowitz's ability to continue practicing in this district. *See* Weinfield Decl. ¶ 8, Exh. E. In the interim, defendant requests that this action be stayed pending resolution of the propriety of Mr. Liebowitz's appearance in this matter.

### D. Mr. Liebowitz Should be Sanctioned for Abusing Court Processes

Defendant has incurred at least $3,500 in attorneys' fees to investigate and prepare the instant motion, none of which would have been necessary if Mr. Liebowitz had complied with the Local Rules, or voluntarily dismissed this action as requested on multiple occasions. Weinfield Decl. ¶¶ 9-10. Local Rule 1-4 authorizes an award of sanctions for violating the rules of this Court.

### CONCLUSION

For the above-stated reasons, defendant 121 Silicon Valley, Inc. respectfully requests that Mr. Liebowitz's *pro hac vice* status be revoked, that defendant's waiver of service be rescinded (with service itself quashed), and that further proceedings in this action be stayed until the propriety of his appearance as counsel in this matter is determined. Further, Mr. Liebowitz should be sanctioned in

//

//

the amount of $3,500, both for misrepresenting himself to the Court and compelling defendant to incur significant expense in bringing these matters to the Court's attention.

Dated: November 8, 2019                                     CHAUVEL & GLATT, LLP

                                                                                    /s/
                                                       By:_____
                                                             Kenneth M. Weinfield
                                                             Attorneys for Defendant
                                                             121 Silicon Valley, Inc.