KENNETH M. WEINFIELD, Of Counsel (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689
EMAIL:  ken@chauvellaw.com

Attorneys for Defendant 121 Silicon Valley, Inc.

UNITED STATES DISTRICT COURT CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO VERCH,<br><br>            Plaintiff,<br><br>v.<br><br>121 SILICON VALLEY, INC.,<br><br>            Defendant. | Case No. 19-cv-05098-VC<br><br>**REPLY BRIEF OF DEFENDANT 121 SILICON VALLEY, INC. IN SUPPORT OF RE-NOTICED MOTION TO DISMISS**<br><br>**DATE:**  December 19, 2019<br>**TIME:**  10:00 a.m.<br>**COURTROOM:**  4, 17th Floor<br>**JUDGE:**  Hon. Vince Chhabria |

Defendant 121 Silicon Valley, Inc. initially filed the instant motion on October 28, 2019. Rather than filing an opposition, counsel for plaintiff Marco Verch submitted a letter to the Court on November 12, 2019 stating his intention to amend the Complaint no later than November 18, 2019 pursuant to Rule 15 of the Federal Rules of Civil Procedure.  No such amendment was filed.[1]

Defendant accordingly requests that his unopposed motion to dismiss be granted for the reasons stated in its opening papers.  In essence, plaintiff is claiming infringement of a photograph he took of a Father's Day sign.  He does not allege that the content of the sign was original to him, or that he added any protectable subject matter by photographing it.  Plaintiff thus fails to state a claim for

---

[1]      Pursuant to the Court's November 18, 2019 Order Revoking Pro Hac Vice Status, plaintiff's counsel is no longer permitted to appear in this action.

infringement of an original work of authorship. 17 U.S.C. § 102(a); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998). It is axiomatic that a "derivative work must be substantially different from the underlying work to be copyrightable." *Gracen v. Bradford Exhange*, 698 F.2d 300, 305 (7th Cir. 1983); *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2003).

Here, plaintiff claims defendant infringed the underlying material in the photograph. However, since the Complaint acknowledges that this material was not original to plaintiff, he has failed to plead an essential element of a copyright infringement claim. *Acuff-Rose*, 155 F.3d at 143; *Newton*, 388 F.3d at 1193. Therefore, plaintiff's sole cause of action fails to state a claim upon which relief can be granted. *Gracen,* 698 F.2d at 305; *Newton*, 388 F.3d at 1193.

## CONCLUSION

For the reasons stated above and in its opening motion papers, defendant 121 Silicon Valley, Inc. respectfully requests that this lawsuit be dismissed with prejudice.

Dated: November 19, 2019                                    CHAUVEL & GLATT, LLP

/s/
By:_____
Kenneth M. Weinfield
Attorneys for Defendant
121 Silicon Valley, Inc.